UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-5203-RGK (MANx) | | Date | December 3, 2013 |
|---|---|---|---|---|
| Title | *GLOBAL CONCIERGE HOLDINGS, et al v. MICHAEL CHARBO, et al* | | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| Not Present | | Not Present | |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiffs' Motion to Dismiss and Remand (DE 13)

On March 21, 2013, Global Concierge Holdings, LLC ("Global"), formerly known as Errands Direct International, LLC ("Errands Direct"), and Robert Marshall (collectively "plaintiffs") filed this action against Michael Charbo, Showcase Marketing Group ("Showcase"), and certain fictitious defendants (collectively "defendants") in Los Angeles Superior Court.[1] Defendants removed the case to this court on July 18, 2013, invoking the court's jurisdiction under 28 U.S.C. § 1332.[2] On August 21, 2013, plaintiffs filed a motion to dismiss for improper venue and remand to state court.[3] Defendants oppose the motion.[4]

**I.    BACKGROUND**

Plaintiffs allege that on February 1, 2011, they entered into a corporate debenture agreement with Showcase pursuant to which Showcase loaned plaintiffs $55,000 to fund Global's business activities.[5] Plaintiffs were required to make interest payments equal to 50% of the principal sum they

---

[1] Notice of Removal, Docket No. 1 (July 18, 2013), Exh. A. ("Complaint").

[2] Notice of Removal at 2.

[3] Motion to Dismiss Case for Improper Venue and Remand ("MTD"), Docket No. 13 (Aug. 21, 2013).

[4] Opposition to Motion to Dismiss Case for Improper Venue and Remand ("Opposition"), Docket No. 15 (Oct. 11, 2013).

[5] Complaint, ¶ 10; *id.*, Exh. A.

received, payable within 25 business days.[6] On March 31, 2011 plaintiffs paid Showcase $82,500 in combined principal and interest.[7] On April 22, 2011 plaintiffs and Showcase entered into a second debenture agreement for a $60,000 loan, at the same interest rate as the first loan, payable within 45 days.[8] On August 20, 2011, plaintiffs paid Showcase $90,000 in combined principal and interest.[9] On September 6, 2011 plaintiffs and Showcase entered into a third debenture agreement for a $75,000 loan at the same 50% interest rate, payable by December 28, 2011.[10] Between January 3 and July 27, 2012, plaintiffs made several payments to Showcase totaling $91,000.[11] Plaintiffs allege that defendants are not licensed California finance lenders or brokers under California Financial Code § 22100.[12] They plead one claim for violation of Article XV, Section 2 of the California Constitution, and two claims for violation of the California Unfair Competition Law (UCL), California Business and Professions Code § 17200 et seq. The UCL claim is predicated on defendants' purported violation of Article XV, §§ 1 and 1(2) of the California Constitution and California Financial Code § 22100.[13]

On July 18, 2013, defendants removed this action on the basis of diversity jurisdiction. Plaintiffs now move to dismiss on the basis of an identical forum selection clause found in each of the debenture agreements. The provision in question is titled "Governing Law" and states:

> "This debenture and all documents ancillary hereto shall be governed by and interpreted in accordance with the Laws of the State of California, without regard to any conflicts of your state[']s law principles applicable therein. Each of the parties hereto irrevocably [agrees] to the exclusive jurisdiction of the courts of the State of California."[14]

Defendants do not contest the validity of the forum selection clause itself. Rather, they contend that the debenture agreements are unenforceable because one of the contracting parties, Errands Direct, is a non-existent entity.[15] They also contend that Errands Direct is not a party to the case because Global has not adequately alleged its relationship to Errands Direct, relying only upon a claim that Global is "formerly known as" Errands Direct.[16] Because Global Concierge is neither named in the agreements nor has adequately pled its relationship to Errands Direct, they argue, it lacks standing to enforce the

---

[6]*Id.*, ¶ 11.

[7]*Id.*, ¶ 12.

[8]*Id.*, ¶¶ 14-15; *id.*., Exh. B.

[9]*Id.*, ¶ 16.

[10]*Id.*, ¶¶ 18-19; *id.*, Exh. C.

[11]*Id.*, ¶ 20.

[12]*Id.*, ¶ 22.

[13]*Id.*, ¶¶ 22-39.

[14]MTD at 3; Exh. 1, Docket 13-1 (Aug. 21, 2013), Exh. A § 11, Exh. B § 10, Exh. C § 10.

[15]Opposition at 2.

[16]*Id.*

agreements.[17] Plaintiffs counter that Errands Direct was properly registered with the Los Angeles County Clerk as a fictitious business name for Global at the time of the agreements, and subsequently filed a Limited Liability Company Restated Articles of Organization legally changing its name to Global Concierge Holdings, LLC.[18]

## II. DISCUSSION

### A. Whether the Court Has Subject Matter Jurisdiction

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064)). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990), and *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)).

"The district courts . . . have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. . . ." 28 U.S.C. § 1332(a); see also *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000"). In any case where subject matter jurisdiction is premised on diversity, there must be complete diversity, i.e., all plaintiffs must have citizenship different than all defendants. See *Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267 (1806); see also *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 & n. 3 (1996).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits that treat LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership").

The complaint alleges that Global is a limited liability company "organized and existing under

---

[17]*Id.* at 6-9.

[18]Reply Motion to Dismiss Case for Improper Venue and Remand ("Reply"), Docket No. 16 (Nov. 4, 2013) at 2; *id.*, Exh. 1 ("Reply Exhibits"), Docket No. 16-1 (Nov. 4, 2013), Exhs. 4, 5, 8.

the laws of the state of California."[19] Defendants repeat this contention in their notice of removal and add that Global has its principal place of business in California.[20] Place of incorporation and principal place of business is the test for determining citizenship of a corporation, but is inapplicable to LLCs. Defendants neither allege nor proffer evidence concerning the citizenship of Global's members. They have failed, therefore, to carry their burden to establish that there is diversity of citizenship supporting the exercise of federal jurisdiction. This failure alone is enough to support remand. See *Solberg v. NDEx West, L.L.C.*, No. C 10–4600 SBA, 2011 WL 1295940, at *3–4 (N.D. Cal. Mar. 31, 2011) (finding failure to allege facts regarding citizenship of an LLC gave defendant no basis for removal); see also *Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857–58 (9th Cir.2001) (failure to specify state citizenship is fatal to an assertion of diversity jurisdiction).

Nevertheless, courts may grant leave to amend a removal notice to cure a defective allegation of jurisdiction even after the thirty day statutory period for removal has expired. See *St. Vincent v. Werner Enterprises, Inc.*, No. CV 08–73–M–DWM–JCL, 2008 WL 5395754, *3 (D. Mont. Aug. 1, 2008) ("Even assuming, however, that Werner's original notice of removal was deficient, Werner may cure that technical deficiency by amending its notice of removal despite the fact that the statutory period for removal may have expired. Although a notice of removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period' for removal has expired, 'a defendant may amend the notice of removal after the thirty day window has closed to correct a defective allegation of jurisdiction'") (citing *ARCO Environmental Remediation, L.L.C. v. Dept. of Health and Environmental Qualify of Montana*, 213 F.3d 1108, 1117 (9th Cir.2000)); see also *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed.Appx. 62, 64 (9th Cir. Feb. 8, 2011) (granting leave to amend a defective notice of removal which failed to state the citizenship of the partners and members of an LLC). Leave to amend is not proper, however, where amendment would be futile. See *Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir.2001). Accordingly, the court examines the merits of plaintiffs' motion.

### B. Legal Standard Governing Forum Selection Clauses

In cases based on diversity jurisdiction, federal law governs the enforceability of forum selection clauses. *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("We conclude that the federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in [*M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972),] controls enforcement of forum clauses in diversity cases. . . . Moreover, because enforcement of a forum clause necessarily entails interpretation of the clause before it can be enforced, federal law also applies to interpretation of forum selection clauses" (citation omitted)). In a motion to enforce a forum selection clause pursuant to Federal Rule of Civil Procedure 12(b)(3), the court need not accept the pleadings as true and may consider facts outside the pleadings. *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) ("[B]ecause Schneider's motion to enforce a forum selection clause is made pursuant to Fed.R.Civ.P. 12(b)(3), the pleadings need not be accepted as true, and the court may consider facts outside of the pleadings") (internal citation omitted). Nonetheless, "the trial court must draw all reasonable inferences in favor of the non-moving party and resolve all factual conflicts in favor of the non-moving party." *Id.* at 1138.

A district court may remand a case to state court to effectuate a forum selection clause. *See QSR Mgmt, Inc. v. Dunkin Brands, Inc.*, No. EDCV 08-0003-VAP(OPx), 2008 WL 2856456, *1 (C.D. Cal. Mar. 23, 2008) ("A court has inherent authority to remand an action to state court to enforce a forum

---

[19]Complaint, ¶ 1.

[20]Removal, ¶ 5.

selection agreement" (citation omitted)); *Comerica Bank v. Whitehall Specialties, Inc.*, 352 F.Supp.2d 1077, 1079-80 (C.D. Cal. 2004) ("The enforcement of a forum selection clause is a proper basis for remanding a removed case to state court"); *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 275, 280 (9th Cir. 1984) (affirming the district court's remand of an action to state court on grounds that a valid and enforceable forum selection clause governed).

Most forum-selection clauses enjoy strong presumptions of validity, *Spradlin v. Lear Siegler Management, Services Co.*, 926 F.2d 865, 868 (9th Cir.1991), and enforceability, *Murphy*, 362 F.3d 1133, 1140 (9th Cir.2004). Forum selection clauses are prima facie valid and enforceable absent a strong showing by the party seeking to avoid the effect of the clause "that enforcement would be unreasonable or unjust, or that the clause [is] invalid for such reasons as fraud or overreaching." *M/S Bremen*, 407 U.S. at 15; see also *Comerica Bank*, 352 F.Supp.2d at 1080 ("If a forum selection clause is part of a contract, it is prima facie valid and should be enforced '[a]bsent some evidence submitted by the party opposing enforcement of the clause to establish fraud, undue influence, overweening bargaining power, or such serious inconvenience in litigating in the selected forum so as to deprive that party of a meaningful day in court,'" quoting *Pelleport*, 741 F.2d at 280); *Manetti-Farrow*, 858 F.2d at 514-15 ("The opposing party has the burden 'to show that trial in the contractual forum would be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court,'" quoting *M/S Bremen*); *Pelleport*, 741 F.2d at 279 ("Although *The Bremen* involved an international forum selection question, and the Court emphasized the commercial realities of international trade, we see no reason why the principles announced in *The Bremen* are not equally applicable to the domestic context. Courts addressing the issue uniformly apply *The Bremen* to cases involving domestic forum selection questions").

    1.  *<u>Whether the Agreements are Enforceable Contracts</u>*

Defendants argue the Agreements are unenforceable because defendants provide insufficient allegations of Errand Direct's relationship to Global, and because Errands Direct is a non-existent entity. The court looks beyond the pleadings to resolve both of these issues. *Murphy*, 362 F.3d at 1137.

In support of their allegation that Errands Direct is a non-existent entity, defendants state that they searched the records of the Secretary of State of California and found no entity called "Errands Direct" or any variation thereof.[21] Plaintiffs attach to their reply brief a fictitious business name statement filed with the Los Angeles County Clerk on November 2, 2010, prior to the parties' execution of their first debenture agreement.[22] The statement lists "Errands Direct" and "ErrandsDirect.com" as fictitious business names registered to Robert Marshall.[23] Plaintiffs also attach a second fictitious business name statement filed with the Los Angeles County Clerk on May 2, 2011, identifying "Errands Direct and "ErrandsDirect.com" as fictitious business names registered to Global Concierge Holding, LLC, and listing Robert Marshall as Global's member.[24] Finally, they attach a limited liability company restated articles of organization, filed with the California Secretary of State on February 15, 2011, changing the name "Errands Direct International, LLC" to "Global Concierge Holdings, LLC."[25] These

---

[21] Opposition at 11, Declaration of Brodi H. Smith, ¶ 2; *id.*, Exh. 1.

[22] Reply Exhibits, Exh. 8.

[23] *Id.*

[24] Reply Exhibits, Exh. 5.

[25] Reply at 4-5; Reply Exhibits, Exh. 4.

documents demonstrate that "Errands Direct" was a duly registered fictitious business name at the time the Agreements were executed.[26] "Under California law, a partnership may sue and be sued in the name it has assumed or by which it is known." *Spine Care & Orthopedic Physicians v. Kingston*, No. B211848, 2010 WL 2817475, *3 (Cal. App. July 20, 2010) (citing CAL. CODE CIV. PROC. § 369.5);[27] see also *Johnston v. Morelli*, No. F046348, 2006 WL 1553542, *1 (Cal. App. June 8, 2005) (rejecting the argument that a corporation lacked standing to enforce an agreement entered into in using its fictitious business name); *Pinkerton's, Inc. v. Superior Court*, 49 Cal.App.4th 1342, 1348 (1996) ("The designation of 'DBA' or 'doing business as' simply indicates Pinkerton's, Inc., operates under a fictitious business name. (See Bus. & Prof.Code, § 17900 et seq. [regulating fictitious business names].) Use of a fictitious business name does not create a separate legal entity. As the First District Court of Appeal recently noted, '[t]he designation [DBA] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business.' The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner") (citation omitted). Accordingly, the court finds that Errands Direct is a fictitious business name of Global and that Global is able to maintain an action with regard to contracts entered into using the Errands Direct name.

2. *<u>Whether the Forum Selection Clause Requires Remand</u>*

When interpreting a contractual forum selection clause, a court must begin with the plain language of the document. See, e.g., *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77-78 (9th Cir. 1987) ("A primary rule of interpretation is that '[t]he common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it") (citation omitted).

Ninth Circuit precedent requires that the court pay careful attention to whether the language in a forum selection clause is mandatory or permissive. If the language is mandatory, the clause must be enforced and venue will lie in the designated forum only. See, e.g., *Docksider, Ltd. v. Sea Technology*, Ltd., 875 F.2d 762, 764 (9th Cir. 1989) ("The prevailing rule is clear from these and other cases that where venue is specified with mandatory language the clause will be enforced. When only jurisdiction is specified the clause will generally not be enforced without some further language indicating the parties'

---

[26]The court's conclusion is not inconsistent with defendants' search of the Secretary of State online records, as fictitious business names are neither filed with the Secretary of State's Office nor maintained in a statewide central registry. See California Governor's Office of Business and Economic Development, http://business.ca.gov/StartaBusiness/RegisteringaBusiness/FictitiousBusinessName.aspx (last visited November 11, 2013) ("Fictitious business names are not filed with the Secretary of State's Office. There is no provision in California for registration, in a central registry at the state level, of fictitious business names"). The court takes judicial notice of this information. See *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG (POR), 2009 WL 6597891, *1 (S.D. Cal. Dec. 23, 2009) ("Information on government agency websites has often been treated as properly subject to judicial notice").

[27]"Although the court is not bound by unpublished decisions of intermediate state courts, unpublished opinions that are supported by reasoned analysis may be treated as persuasive authority." *Scottsdale Ins. Co. v. OU Interests, Inc.*, No. C 05-313 VRW, 2005 WL 2893865, *3 (N.D. Cal. Nov. 2, 2005) (citing *Employers Ins. of Wausau v. Granite State Ins. Co.*, 330 F.3d 1214, 1220 n. 8 (9th Cir. 2003) ("[W]e may consider unpublished state decisions, even though such opinions have no precedential value")).

intent to make jurisdiction exclusive"); *Interactive Music Technology, LLC v. Roland Corp. U.S.*, CV No. 6:07-CV-282, 2008 WL 245142, *3 (E.D. Tex. Jan. 29, 2008) (" The distinction between specifying jurisdiction and venue in forum selection clauses is often important. While analyzing a forum selection clause is extremely context specific, the Tenth Circuit found a general uniformity in the federal courts when analyzing the law on this matter: where venue is specified in a forum selection clause with mandatory or obligatory language, the clause will be enforced, while where only jurisdiction is specified, the clause will generally not be enforced without some further language indicating the parties' intent to make venue exclusive"); see also *Hunt Wesson*, 817 F.2d at 77 ("[I]n cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required exclusive jurisdiction" (emphasis original)); *Northern Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1037 (9th Cir. 1995) ("To be mandatory, a clause must contain language that clearly designates a forum as the exclusive one").

If, however, the language of the forum selection clause is permissive, the clause will not preclude a party from bringing suit (or removing) elsewhere. A forum selection clause is permissive when the parties merely consent to bestow jurisdiction on a court without stating that the court has exclusive jurisdiction to hear their disputes. See, e.g., *Pong v. American Capital Holdings, Inc.*, Civ. S-06-2527 LKK/DAD, 2007 WL 657790, * 3 (E.D. Cal. Feb. 28, 2007) ("Preliminarily, the court must determine if the forum selection clause is mandatory or permissive. The Ninth Circuit has held that 'where venue is specified with mandatory language the clause will be enforced.' . . . However, if the language is merely permissive, the forum selection clause will not bar suits from being filed in other venues," quoting *Docksider*); *Radian Int'l, LLC v. Alpina Ins. Co.*, C-04-4537 SC, 2005 WL 1656884, *1 (N.D. Cal. July 14, 2005) ("[The Ninth Circuit] does not enforce 'permissive' clauses which merely grant jurisdiction to a particular forum without ruling out concurrent jurisdiction in other forums" (citations omitted)).

The section titled "Governing Law" in the debenture agreements provides: "Each of the parties hereto irrevocably attorns to the exclusive jurisdiction of the courts of the State of California."[28] Because this clause mandates that the designated court - the courts of the State of California - have "exclusive" jurisdiction, the clause is mandatory in nature. See *Koresko v. RealNetworks, Inc.*, 291 F.Supp.2d 1157, 1162 (E.D. Cal. 2003) ("[T]he [forum selection] clause expressly states that the Washington courts have "exclusive jurisdiction" over the case. This language is not permissive, it excludes the party from suing elsewhere"); *Prestar Fin. Corp. v. Infraegis, Inc.*, No. SACV 09-899 AG (RNBx), 2009 WL 3425348, *3 (C.D. Cal. Oct. 19, 2009) ("The clause states in plain language that 'the exclusive venue and jurisdiction for any disputes, actions or conflicts with respect to this Agreement shall be the courts of the State of Illinois.' The parties' use of the words 'exclusive' and 'shall' shows the parties' intent to make the forum selection clause mandatory rather than permissive") (citation omitted); *Cornus Corp. v. GEAC Enterprise Solutions, Inc.*, No. 08-3030-CL, 2008 WL 4547525, *2, 4 (D. Or. Oct. 10, 2008) (recommending remand on the basis that the parties agree by contract that "'[t]he parties submit to the exclusive jurisdiction of the Courts of the State of Oregon'"). Accordingly, the forum selection clause requires remand to state court.

---

[28]MTD at 3; *id.,* Exh. 1, Docket 13-1 (Aug. 21, 2013), Exh. A § 11, Exh. B § 10, Exh. C § 10.

### III. <u>CONCLUSION</u>

For the reasons stated above, the Court **remands** this case in its entirety to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer